## Norton & White *v.* A. B. Cammack.

The liability of a surety on a sequestration bond, is only for such expenses as are incident to the sequestration and release. It does not extend to the entire costs of the litigation, subsequent to the bonding of the thing sequestered, except so far as the litigation is the necessary result of the bonding.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
Durant & Horner, and *Kearney*, for plaintiffs. Wolfe & Singleton, for defendant and appellant.

Voorhies, J. (Ogden, J., absent.) The defendant is appellant from a judgment rendered against him on a sequestration bond, which he executed in favor of the plaintiffs as the surety of *Samuel T. Williamson*. The suit in which this bond was given, terminated by a final judgment rendered in favor of the plaintiffs against said *Williamson*. The damages claimed are alleged to have resulted from the detention in port of the plaintiffs' steamer, called the Western World, under said sequestration, and are stated to consist, first, of $100 costs of court in that suit; second, $250 for counsel fees paid to *R. M. Kearney, Esq.* ; and, thirdly, $600, the loss on passengers and freight, resulting from two days detention of the steamer in port.

The record shows that the steamer Western World arrived at the port of New Orleans on the 23d of April, 1850 ; that she was sequestered on the 25th of the same month, and on the following day released on the plaintiffs' bond ; and that it was usual for vessels of her class to be detained in port from three to six days.

It was clearly incumbent upon the plaintiffs, as it was peculiarly within their power, to have proved satisfactorily the alleged detention and the damages resulting therefrom. The Judge *a quo*, in his judgment, says : "When the steamer left port is not shown conclusively by the evidence, which on this point is uncertain and altogether inconclusive. The testimony of *McCauley* is evidently given under a misapprehension both as to days and dates ; and that of *McCoy*, whose attention was not specially directed to the subject, is too vague to form the basis of a judgment." From a careful examination of the testimony of these witnesses, we are not ready to say that the Judge erred in his conclusion.

We concur in the opinion of the District Judge, that "whatever may be the liability of the plaintiffs, it is clear that the only liability of *Cammack* as surety on the bond, is for such expenses as are incident to the sequestration and its release, and that it does not properly extend to the entire costs of the litigation subsequent to the bonding of the steamer, except so far as the litigation is the necessary result of the sequestration." But we think he erred in allowing the plaintiffs two hundred dollars as damages. It is not shown that the plaintiffs paid any portion of the costs taxed in the suit of *Williamson* against them ; *Williamson* himself was personally liable therefor. The claim of *Williamson* in that suit was for $275, as damages, and $500, as the penalty under the statute, for taking his slave out of this State. The District Court rendered judgment in his favor for $275, which, on appeal, was affirmed, and afterwards, on a re-hearing, reversed in favor of the plaintiffs. Mr. *Kearney* testified on the

trial, that his charge as attorney in the case, was $250, which had been settled by the plaintiffs.

In *Penny* v. *Taylor*, 5 Ann. 714, the court say : "The expense the plaintiff was put to for counsel fees, for the purpose of having the vessel released from the sequestration, and other expenses resulting therefrom, the defendants, by their bond, are clearly bound to reimburse to the plaintiff. The plaintiff paid his counsel $250 for their professional services in the suit; the portion fairly due for the services relating to the release of the vessel from the sequestration, we think is all he is entitled to recover." In this case, we think fifty dollars for the services relating to the release of the vessel from the sequestration, should have been allowed by the District Judge as a fair compensation for the services rendered by Mr. *Kearney* in this behalf.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that the plaintiffs' claim be reduced to fifty dollars, and that they recover the same from the defendant, with the costs of the District Court; the costs of this appeal to be borne by said plaintiffs.